1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LIAM MEYER IRREVOCABLE TRUST,          No.  2:23-cv-1472 KJM DB PS
     LIAM MEYER,
12

13                    Plaintiff,              ORDER

14          v.

15   SIMON CHAN, et al.,

16                    Defendants,

17

18          Plaintiff Liam Meyer is proceeding in this action pro se.  This matter was referred to the

19   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending

20   before the undersigned are defendants' Attorneys Real Estate Group ("ARG"), Roberto Cruz, and

21   Ruby Bitzer's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

22   Procedure, as well as plaintiff's motions to dismiss and for default judgment.  (ECF Nos. 4, 6, 9

23   & 10.)  For the reasons stated below, defendants' motion to dismiss will be granted, plaintiff's

24   motions will be denied, and plaintiff will be granted leave to amend.

25   ////

26   ////

27   ////

28   ////

1

1

**BACKGROUND**

2      Plaintiff, proceeding pro se, commenced this action on May 10, 2023, by filing a

3  complaint in the Sacramento County Superior Court.  (ECF No. 1 at 8.[1])  Therein, plaintiff alleges

4  that this action "centers on the sale of a real property" located in Sacramento, California, on

5  September 11, 2019.  (Compl. (ECF No. 1) at 9.)  "This is essentially a 'Failure to Disclose,"

6  Negligence and Fraud Case," however, "the Defendants are violating Plaintiff's Civil Rights, and

7  . . . working as an enterprise and using criminal fraud[.]"  (Id.)  Therefore, "it is a Civil Rico

8  action as well."  (Id.)

9      On July 21, 2023, defendants removed the matter to this court pursuant to federal question

10 jurisdiction.  (ECF No. 1 at 1.)  On July 28, 2023, defendants filed a motion to dismiss but

11 erroneously noticed it for hearing before the assigned District Judge.  (ECF Nos. 4 & 5.)  On

12 August 15, 2023, defendants re-noticed their motion for hearing before the undersigned.  (ECF

13 No. 15.)

14     Plaintiff failed to file a statement of opposition or non-opposition to defendants' motion.

15 Accordingly on October 20, 2023, the undersigned issued plaintiff an order to show cause.  (ECF

16 No. 8.)  On November 14, 2023, plaintiff filed a motion to dismiss.  (ECF No. 9.)  On November

17 16, 2023, plaintiff filed a motion for default judgment.[2]  (ECF No. 10.)  On November 27, 2023,

18 defendants' motion was taken under submission.  (ECF No. 11.)

19

**STANDARDS**

20 **I.      Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(6)**

21     The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

22 sufficiency of the complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir.

23 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

24 sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901

25  _____

26 [1] Page number citations such as this one are to the page number reflected on the court's CM/ECF
system and not to page numbers assigned by the parties.

27
28 [2] Neither motion filed by plaintiff was noticed for hearing.  Pursuant to Local Rule 230(b) "all
motions shall be noticed on the motion calendar of the assigned Judge or Magistrate Judge."

2

1   F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

2   relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

3   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

4   the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v.

5   Iqbal, 556 U.S. 662, 678 (2009).

6          In determining whether a complaint states a claim on which relief may be granted, the

7   court accepts as true the allegations in the complaint and construes the allegations in the light

8   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.

9   United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less

10  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,

11  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the

12  form of factual allegations.  United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th

13  Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than

14  an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A

15  pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the

16  elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 676

17  ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

18  statements, do not suffice.").  Moreover, it is inappropriate to assume that the plaintiff "can prove

19  facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

20  not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

21  459 U.S. 519, 526 (1983).

22         In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted

23  to consider material which is properly submitted as part of the complaint, documents that are not

24  physically attached to the complaint if their authenticity is not contested and the plaintiff's

25  complaint necessarily relies on them, and matters of public record.  Lee v. City of Los Angeles,

26  250 F.3d 668, 688-89 (9th Cir. 2001).

27  ////

28  ////

3

**ANALYSIS**

**I.      Defendants' Motion to Dismiss**

Review of plaintiff's complaint finds that defendant's motion to dismiss should be granted.  In this regard, the complaint fails to contain sufficient factual allegations related to the conduct of the named defendants.  While the complaint names six unique defendants, the complaint frequently and vaguely refers simply to the conduct of the "defendants" without identifying which named defendant engaged in what specific wrongful conduct.  (Compl. (ECF No. 1) at 9-12. 23-24.)

For example, the complaint alleges that "all Defendants are responsible in some manner for the events described" in the complaint.  (Id. at 11.)  That the "Defendants . . . did all the alleged damage and are the true responsible parties."  (Id. at 12.)  That the "Defendants did not disclose" relevant information to the plaintiff.  (Id. at 12-13.)

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Moreover, the complaint is attempting to allege claims of fraud and RICO.  Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P 9(b).  "Rule 9(b) serves not only to give notice to defendants of the specific fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit

plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.'" <u>Bly–Magee v. California</u>, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting <u>In re Stac Elec. Sec. Litig.</u>, 89 F.3d 1399, 1405 (9th Cir. 1996)).

Circumstances that must be stated with particularity pursuant to Rule 9(b) include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." <u>Sanford v. Memberworks, Inc.</u>, 625 F.3d 550, 558 (9th Cir. 2010) (quoting <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1066 (9th Cir. 2004)).  Likewise, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" <u>Vess v. Ciba—Geigy Corp. USA</u>, 317 F.3d 1097, 1105 (9th Cir. 2003) (quoting <u>Moore v. Brewster</u>, 96 F.3d 1240, 1245 (9th Cir. 1996)).

To state a RICO claim, a plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to plaintiff's business or property.  <u>Sanford v. Memberworks, Inc.</u>, 625 F.3d 550, 557 (9th Cir. 2010); <u>Walter v. Drayson</u>, 538 F.3d 1244, 1247 (9th Cir. 2008); <u>Grimmett v. Brown</u>, 75 F.3d 506, 510 (9th Cir. 1996).  The alleged enterprise must exist "separate and apart from that inherent in the perpetration of the alleged [activity]." <u>Chang v. Chen</u>, 80 F.3d 1293, 1300-01 (9th Cir.1996).

A "pattern of racketeering activity" means at least two criminal acts enumerated by statute.  18 U.S.C. § 1961(1), (5) (including, among many others, mail fraud, wire fraud, and financial institution fraud).  These so-called "predicate acts" under RICO must be alleged with specificity in compliance with Rule 9(b) of the Federal Rules of Civil Procedure.  <u>Schreiber Distrib. Co. v. Serv-Well Furniture Co.</u>, 806 F.2d 1393, 1400-01 (9th Cir. 2004); <u>see also</u> <u>Lancaster Community Hospital v. Antelope Valley Hospital Dist.</u>, 940 F.2d 397, 405 (9th Cir. 1991) (holding with respect to the predicate act of mail fraud that a plaintiff must allege with "particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme"); <u>Alan Neuman Productions, Inc. v. Albright</u>, 862 F.2d 1388, 1392-93 (9th Cir. 1988); <u>Pineda v. Saxon Mortgage Services</u>, No. SacV 08-1187 JVS, 2008 WL 5187813, at *4 (C.D. Cal. Dec. 10, 2008) ("It is not enough for [plaintiff] to rely on mere labels and conclusions"

1   to establish a RICO claim but rather, plaintiff must give each defendant notice of the particular

2   predicate act it participated in and must allege each predicate act with specificity).

3        Here, the complaint fails to contain sufficient factual allegations to satisfy either Rule 8 or

4   Rule 9(b).  Defendants' motion to dismiss, therefore, should be granted.[3]

5   **II.    Leave to Amend**

6        For the reasons stated above, plaintiff's complaint must be dismissed.[4]  The undersigned

7   has carefully considered whether plaintiff may amend the complaint to state a claim upon which

8   relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith,

9   prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d

10  1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau,

11  701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the

12  court does not have to allow futile amendments).

13       However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff

14  may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts

15  in support of his claim which would entitle him to relief.'"  Franklin v. Murphy, 745 F.2d 1221,

16  1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972)); see also Weilburg v.

17  Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to

18

19  [3] Defendants' motion to dismiss also argues that some of plaintiff's claims are barred by the
    Noerr-Pennington doctrine.  (Defs.' MTD (ECF No. 6-1) at 10.)  "Under the Noerr-Pennington

20  doctrine, those who petition any department of the government for redress are generally immune
    from statutory liability for their petitioning conduct."  Sosa v. DIRECTV, Inc., 437 F.3d 923, 929

21  (9th Cir. 2006).  Because plaintiff's complaint must be dismissed due to the vague and conclusory

22  allegations, the undersigned will not reach that argument at this time.

23  [4] While less then all defendants have moved to dismiss the complaint a district court may sua
    sponte dismiss claims asserted against a non-moving defendant where the non-moving defendant

24  is in a similar position to that of a moving defendant.  See Abagninin v. AMVAC Chemical
    Corp., 545 F.3d 733, 742 (9th Cir. 2008) ("As a legal matter, we have upheld dismissal with

25  prejudice in favor of a party which had not appeared, on the basis of facts presented by other
    defendants which had appeared.");  Silverton v. Department of Treasury of U. S. of America, 644

26  F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an

27  action as to defendants who have not moved to dismiss where such defendants are in a position
    similar to that of moving defendants or where claims against such defendants are integrally

28  related.").  Here, the non-moving defendants are in a similar position to the moving defendants.

1   amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be

2   cured by amendment.") (quoting <u>Schucker v. Rockwood</u>, 846 F.2d 1202, 1203-04 (9th Cir.

3   1988)).

4          Here, given the vague and conclusory nature of the complaint's allegations the

5   undersigned cannot yet say that it appears beyond doubt that leave to amend would be futile.

6   Plaintiff's complaint will therefore be dismissed, and plaintiff will be granted leave to file an

7   amended complaint.  Plaintiff is cautioned, however, that if plaintiff elects to file an amended

8   complaint "the tenet that a court must accept as true all of the allegations contained in a complaint

9   is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action,

10   supported by mere conclusory statements, do not suffice." <u>Ashcroft</u>, 556 U.S. at 678.  "While

11   legal conclusions can provide the complaint's framework, they must be supported by factual

12   allegations." <u>Id.</u> at 679.  Those facts must be sufficient to push the claims "across the line from

13   conceivable to plausible[.]" <u>Id.</u> at 680 (quoting <u>Twombly</u>, 550 U.S. at 557).  Plaintiff is cautioned

14   that if the amended complaint does not give the defendants fair notice of plaintiff's claims and/or

15   fails to allege facts that state the elements of a claim plainly and succinctly the undersigned may

16   recommend that plaintiff's complaint be dismissed without further leave to amend.

17          Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an

18   amended complaint complete.  Local Rule 220 requires that any amended complaint be complete

19   in itself without reference to prior pleadings.  The amended complaint will supersede the original

20   complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint,

21   just as if it were the initial complaint filed in the case, each defendant must be listed in the caption

22   and identified in the body of the complaint, and each claim and the involvement of each

23   defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file

24   must also include concise but complete factual allegations describing the conduct and events

25   which underlie plaintiff's claims.

26   **III.    Plaintiff's Motion to Dismiss**

27          On November 14, 2023, plaintiff filed a motion to dismiss.  (ECF No. 9.)  Therein,

28   plaintiff asks that defendants Cruz, Bitzer, and ARG be dismissed without prejudice.  (<u>Id.</u> at 2.)

Because plaintiff's complaint is being dismissed with leave to amend, plaintiff may dismiss any defendant by simply not naming them as a defendant in the amended complaint.  Plaintiff's motion to dismiss, therefore, will be denied without prejudice to renewal as having been rendered moot.

Plaintiff's motion to dismiss also requests that this matter be remanded back to the Sacramento Superior Court.  (Id.)  Such a request must be made in a formal motion noticed for hearing in compliance with Local Rule 230.  Moreover, evaluating the merits of such a motion would rely heavily on the nature of the claims found in the amended complaint.

In this regard, 28 U.S.C. § 1441(a) allows a defendant to remove a state court action to federal court if the federal court would have original subject matter jurisdiction over the action. The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively.  Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter.  "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States."  28 U.S.C. § 1332.  "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States."  Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986).  "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

////

////

8

1     **IV.**    **Plaintiff's Motion for Default Judgment**

2         On November 16, 2023, plaintiff filed a motion for default as to defendants Peggy

3 Pickyoke Yee, Sui Cheong Chan, and Simon Chan. "Rule 55 provides a two-step process, first, a

4 party must obtain a clerk's entry of default under Rule 55(a); second, the party must obtain a

5 default judgment under Rule 55(b)." Douglas v. Kalanta, Case No. 1:21-cv-1535 JLT EPG, 2022

6 WL 815746, at *1 (E.D. Cal. Mar. 17, 2022).

7         Here, plaintiff's complaint is being dismissed with leave to amend. The filing of an

8 amended complaint would render any default on the original complaint void. See Rhodes v.

9 Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010) ("As a general rule, when a plaintiff files an

10 amended complaint, the amended complaint supercedes the original, the latter being treated

11 thereafter as non-existent."). In this regard, "after amendment the original pleading no longer

12 performs any function[.]" Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); see also

13 Massey v. Helman, 196 F.3d 727, 735 (7th Cir. 1999) ("a plaintiff's new complaint wipes away

14 prior pleadings"). Plaintiff's motion, therefore, will be denied without prejudice to renewal as

15 having been rendered moot. See Nelson v. Nationwide Mortg. Corp., 659 F. Supp. 611, 615 (D.

16 D.C. 1987) ("In light of Nelson's filing of an amended complaint, her motions for entry of

17 default judgments against Nationwide, Tillette, and Butler must be denied as moot.").

18                         **CONCLUSION**

19         Accordingly, IT IS HEREBY ORDERED that:

20         1.   Defendants' July 28, 2023 motion to dismiss (ECF No. 4), re-noticed for hearing on

21 August 15, 2023 (ECF No. 6) is granted;

22         2.   The complaint filed May 10, 2023 (ECF No. 1) is dismissed with leave to amend;

23         3.   Within twenty-eight days from the date of this order, an amended complaint shall be

24 filed that cures the defects noted in this order and complies with the Federal Rules of Civil

25 Procedure and the Local Rules of Practice.[5] The amended complaint must bear the case number

26 assigned to this action and must be titled "Amended Complaint";

27

28    [5] Alternatively, if plaintiff no longer wishes to pursue this action plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

1       4.  Plaintiff's November 14, 2023, motion to dismiss (ECF No. 9) is denied without

2  prejudice as having been rendered moot;

3       5.  Plaintiff's November 16, 2023 motion for default judgment (ECF No. 10) is denied

4  without prejudice as having been rendered moot; and

5       6.  Plaintiff is cautioned that the failure to comply with this order in a timely manner may

6  result in a recommendation that this action be dismissed.

7  Dated:  February 12, 2024

8

9

10                                              DEBORAH BARNES
                                                UNITED STATES MAGISTRATE JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  DLB:6
    DB/orders/orders.pro se/meyer1472.mtd.ord
28

10