UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIAM MEYER TRUST and LIAM MEYER,<br><br>Plaintiffs,<br><br>v.<br><br>PEGGY PICKYOKE YEE, SUI CHEONG CHAN et al.,<br><br>Defendants. | No. 2:23-cv-1472-KJM-SCR<br><br>FINDINGS AND RECOMMENDATIONS REMANDING THIS ACTION TO STATE COURT |

     Plaintiffs Liam Meyer and Liam Meyer Trust are proceeding in this action pro se. On May 10, 2023, Plaintiffs filed a complaint in the Sacramento County Superior Court. ECF No. 1 at 2. On July 21, 2023, this case was removed from the Sacramento County Superior Court to this Court. ECF No. 1. This matter was referred to Magistrate Judge Barnes in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On June 25, 2024, Plaintiffs filed the First Amended Complaint ("FAC") in this action. ECF No. 15. On August 6, 2024, this matter was reassigned to the undersigned. ECF No. 16.

     On September 19, 2024, Plaintiffs requested entry of default against Defendants. ECF No. 17. On September 20, 2024, the Clerk of the Court denied the request because the Court had not screened the FAC. ECF No. 18. While such screening was not, in fact, required because Plaintiffs are not seeking to proceed IFP, the undersigned nonetheless reviewed the Complaint in order to determine whether federal jurisdiction over this matter exists. On December 13, 2024,

1

1 the undersigned ordered Plaintiffs to show cause within 21 days as to why this case should not be
2 dismissed for a lack of federal jurisdiction. ECF No. 19. Plaintiffs did not file a response to that
3 order.
4     The Court has reviewed the FAC and hereby recommends that the matter be remanded to
5 state court due to a lack of federal jurisdiction.

6     **I.**    **The FAC**

7     The FAC names as Defendants Peggy Yee and Sui Cheong Chan. ECF No. 15 at 1. It
8 asserts that all parties are residents of Sacramento County, California. *Id.* at ¶¶ 3-4.

9     The FAC asserts that on September 11, 2019, Plaintiffs bought property at 7907 Garden
10 Highway, Sacramento, CA 95837 ("Subject Property") from Defendants. *Id.* at ¶ 2. At the time
11 of the sale, Defendants knew that Plaintiffs intended to rent out rooms in the Subject Property to
12 pay for upgrades thereto. *Id.* Defendants represented to Plaintiffs that various issues with the
13 Subject Property, including a damaged riverbank, would cost no more than $500,000 to repair.
14 *Id.*

15     The FAC alleges that after the purchase of the Subject Property, the State of California
16 informed Plaintiffs that repairing damages to the riverbank alone would cost $1,745,000. *Id.* The
17 County of Sacramento also replaced a "Limited Use Notice" that had been removed before
18 Plaintiffs began reviewing the Subject Property. *Id.* This use restriction bars Plaintiffs from
19 renting rooms to tenants for income. *Id.* The FAC concludes that Defendants deliberately
20 withheld information about the Subject Property to trick the Plaintiffs into buying it. *Id.*

21     The FAC alleges five causes of action. Claims asserted under federal law include (1)
22 concealment under 18 U.S.C. § 1001, (2) Elder Financial Abuse under 10 U.S.C. § 21002, and (3)
23 Civil Rights Violations under 42 U.S.C. § 1983 and 18 U.S.C. § 242. *Id.* at 12, 13, 15-16.

24     **II.**    **Analysis**

25     A court must consider its subject matter jurisdiction sua sponte. *See United States v.*
26 *Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). "[T]he existence of federal jurisdiction depends solely
27 on the plaintiff's claims for relief[.]" *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl.*
28 *Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).

1    "The strong presumption against removal jurisdiction" means that "the court resolves all
2    ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042
3    (9th Cir. 2009). That is, federal jurisdiction over a removed case "must be rejected if there is any
4    doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107.
5    "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction,
6    the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932
7    (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v.*
8    *NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*,
9    375 F.3d 831, 838 (9th Cir. 2004). Where it appears, as it does here, that the district court lacks
10   subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. §
11   1447(c).

12   Federal jurisdiction can be based either on diversity under 28 U.S.C. § 1332 or a federal
13   question under 28 U.S.C. § 1331. Diversity jurisdiction is present when "the matter in
14   controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between"
15   some combination of citizens of different states and subjects of foreign states, or is brought by a
16   foreign state as a plaintiff. 28 U.S.C. § 1332(a). Because all parties in this action are citizens of
17   the state of California, diversity jurisdiction does not apply. See ECF No. 15 at ¶¶ 3-4.

18   Federal-question jurisdiction exists when a civil action arises "under the Constitution,
19   laws, or treaties of the United States." 28 U.S.C. § 1331. "A claim invoking federal-question
20   jurisdiction under 28 U.S.C. § 1331 … may be dismissed for want of subject matter jurisdiction if
21   it is not colorable, i.e., if it is immaterial and made solely for the purpose of obtaining jurisdiction
22   or is wholly insubstantial and frivolous." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006)
23   (citation and quotations omitted). As a related matter, a court may dismiss a claim sua sponte
24   "where the claimant cannot possibly win relief." *Omar v. Sea-Land Service, Inc.,* 813 F.2d 986,
25   991 (9th Cir. 1987).

26   **A. The FAC Does Not Allege a Colorable Claim Under Federal Law.**
27   The federal law claims alleged in the FAC are (1) concealment under 18 U.S.C. § 1001, (2) Elder
28   Financial Abuse under 10 U.S.C. § 21002, and (3) Civil Rights Violations under 42 U.S.C. §

3

1983 and 18 U.S.C. § 242.  ECF No. 15 at 12, 13, 15-16.

As to concealment, except as otherwise provided by law, whoever:

(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;

(2) makes any materially false, fictitious, or fraudulent statement or representation; or

(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;

shall be subject to a combination of fines and imprisonment.  18 U.S.C. § 1001(a).  However, such statute is a "bare criminal statute,' with no other statutory basis for inferring that a civil cause of action exists[.]" *Lee v. United States Agency for Int'l Dev.*, 859 F.3d 74, 77 (D.C. Cir. 2017).  The D.C. Circuit concluded in *Lee* that based on the language of the statute and its legislative history, 18 U.S.C. § 1001 does not create a private cause of action.  859 F.3d at 77-78.  Plaintiffs cannot assert a claim based on it.

As to elder financial abuse, Plaintiffs cite 10 U.S.C. § 21002 as the statutory basis for the claim.  ECF No. 15 at ¶ 41.  This statute does not exist.  Moreover, Title 10 of the United States Code concerns the nation's armed forces.  Plaintiffs do not otherwise specify the basis of a federal claim for elder financial abuse, and the Court is aware of none.

As to civil rights violations, federal law holds liable any "person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected," any United States citizen to deprivation of their rights.  42 U.S.C. § 1983.  The FAC alleges that Defendants, as previous owners of the Subject Property, sold it to Plaintiffs without disclosing important information about the Subject Property.  ECF No. 15 at ¶ 2.  Plaintiffs do not assert that Defendants were government employees or otherwise acting under color of law.  Defendants cannot be the subject of a cause of action under § 1983.  Plaintiffs also cannot pursue relief under 18 U.S.C. § 242 in this civil action.  *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir.2006) (affirming the dismissal of a plaintiff's claims under 18 U.S.C. §§ 241 and 242 because the they "are criminal statutes that do not give rise to civil liability"); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980) (finding 18 U.S.C. §§ 241 and 242 provide no private right of action and cannot form basis for civil suit).

4

None of the federal claims in the FAC are colorable.

**B. The Surviving State Claims Should be Remanded to State Court.**

The only viable claims in the FAC arise under state law. At issue is whether this court can still exercise jurisdiction over the surviving claims.

The United States Supreme Court recently addressed whether a federal court can adjudicate a case removed from state court when the plaintiff subsequently amends the complaint to eliminate all claims under federal law. *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. ___, 2025 WL 96212 at *3 (Jan. 15, 2025). The Court held that when a plaintiff amends the complaint after removal, the amended complaint supersedes the original and dictates whether a federal court has jurisdiction. 2025 WL 96212 at *5, *7. Eliminating all federal claims also eliminates any supplemental jurisdiction over state claims. 2025 WL 96212 at *5. The Court reasoned that its holding also reflects that a plaintiff is "master of the complaint" insofar as the plaintiff can always choose which claims to pursue against which defendants, establishing which courts have jurisdiction in the process. 2025 WL 96212 at *7 (quoting *Caterpillar Inc. v. Williams*, 482 U. S. 386, 398-399 (1987)). The Court concluded that after the plaintiff had amended the complaint, the district court should have remanded the action to state court. 2025 WL 96212 at *11.

In the present case, the Complaint filed in the Sacramento County Superior Court established federal jurisdiction by alleging violations of 18 U.S.C. §§ 1962(c)-(d). ECF No. 1 at 2. Plaintiffs deliberately chose not to reassert this claim in the FAC. Plaintiffs knowingly relinquished this claim as a basis for federal jurisdiction and have failed to assert another, or to respond to the Court's order to show cause. The Court "no longer" has supplemental jurisdiction over any state claims in the FAC, and "must hand" the case "over" to state court. This case should be remanded to the Sacramento County Superior Court. *See Royal*, 2025 WL 96212 at *11.

**III. Conclusion**

Accordingly, IT IS HEREBY RECOMMENDED:

1. That this action be remanded forthwith to the Sacramento County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;

5

1       2.  The Clerk of Court close this file.

2       These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 24, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE