UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| LIAM MEYER TRUST AND LIAM MEYER, | No. 2:23-cv-1472 KJM SCR |
|---|---|
| Plaintiffs, | |
| v. | ORDER |
| PEGGY PICKYOKE YEE, SUI CHEONG CHAN, et al, | |
| Defendants. | |

Plaintiffs, proceeding pro se, filed the above-entitled action. The matter was referred to a United States Magistrate Judge under Local Rule 302(c)(21).

On January 27, 2025, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 20. Neither party has filed objections to the findings and recommendations.

The court has reviewed the file and agrees with the magistrate judge there is no colorable federal claim and therefore the court does not have original jurisdiction under 28 U.S.C. § 1331. The court also agrees with the recommendation to remand to state court albeit on different grounds. The magistrate judge recommended remand of the remaining state law claims by citing to *Royal Canin U.S.A., Inc. v. Wullschleger*. 145 S.Ct. 41 (2025). In *Royal Canin*, the Supreme

Court held that when a defendant removes to federal court based on federal question jurisdiction and then the plaintiff subsequently amends his complaint and removes his federal claims, federal courts no longer have jurisdiction over the action and must remand to state court. *See id.* at 49–50. Here, the jurisdictional question is slightly different: does a federal court continue to have jurisdiction when a defendant removes to federal court on federal question jurisdiction and the plaintiffs amend their complaint to substitute federal claims for different and uncolorable federal claims? *See* F & Rs at 3–5. The court here hesitates to rely on *Royal Canin* as it does not explicitly answer this question. The court instead remands using its discretionary powers under 28 U.S.C. § 1367(c)(3), allowing the court to decline supplemental jurisdiction when it has "dismissed all claims over which it has original jurisdiction."

        Accordingly, IT IS HEREBY ORDERED that:

        1. The findings and recommendations filed January 27, 2025 (ECF No. 20), are adopted in full;

        2. This action is remanded to the Sacramento County Superior Court, as provided by 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction; and

        3. The Clerk of Court is directed to close the case.

DATED: March 4, 2025.

UNITED STATES DISTRICT JUDGE